UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

QUINTIL CABANAS-CASTANEDA,

        Defendant.

Case No. 2:13-cr-139 (2)
CHIEF JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Quintil Cabanas-Castaneda's motions for reduction of sentence [ECF Nos. 132, 139]. On June 24, 2014, after pleading guilty to one count of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, Defendant was sentenced to 68 months of incarceration and 5 years of supervised release. (J. in a Crim. Case at 1–3 [ECF No. 124].)

Defendant is seeking a reduction in his sentence pursuant to Guideline Amendment 782, which reduced by two levels the offense levels assigned to the drug quantities set forth in § 2D1.1 of the United States Sentencing Guidelines and made parallel changes for the listed chemicals found in § 2D1.11. As set forth in policy statement § 1B1.10, Defendants who are currently imprisoned for these drug offenses are eligible for retroactive application of the guidelines as long as they meet certain eligibility criteria. Defendant argues that he is eligible for the retroactive application of Amendment 782 and asks the Court to apply the amendment to reduce his term of imprisonment.

Defendant had a base offense level of 33 and a criminal history category of I. (*See* Sentencing Mem. at 3 [ECF No. 122].) Before sentencing, the Government submitted, and the Court granted, a motion for downward departure that reduced Defendant's offense level to 29. (*See id.*; Statement of Reasons at 2 [ECF No. 125].) Then, at sentencing, the Court further reduced Defendant's offense level to 27 in anticipation of Amendment 782's passage. (*See* Sentencing Mem. at 4; Statement of Reasons at 1.) With an offense level of 27 and a criminal history category of I, Defendant's sentencing guideline range was 70 to 87 months. (Statement of Reasons at 1.) The Court imposed a sentence below that range—68 months. (J. in a Crim. Case at 2.) Because Defendant has already received the benefit of Amendment 782, the Court **DENIES** his motions for reduction of sentence [ECF Nos. 132, 139].

**IT IS SO ORDERED.**

10-10-2017
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**