UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

          Case No. 2:13-cr-139 (2)

     v.          CHIEF JUDGE EDMUND A. SARGUS, JR.

QUINTIL CABANAS-CASTANEDA,

     Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Quintil Cabanas-Castaneda's Motion for Departure for Substantial Hardship (ECF No. 159). Defendant pleaded guilty on January 30, 2014, to one count of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine. (Crim. Mins. at 1, ECF No. 84; J. in a Crim. Case at 1, ECF No. 124.) On June 24, 2014, the Court sentenced him to 68 months of incarceration and five years of supervised release. (J. in a Crim. Case at 1–3.)

Defendant asks the Court to reduce his sentence by six months to account for the disproportionately severe prison conditions he purportedly faces as a deportable alien. (*See* Mot. at 9, ECF No. 63.) First, Defendant contends that his status as a deportable alien renders him almost certainly ineligible to receive the benefits of 18 U.S.C. § 3624(c), which directs the Bureau of Prisons, to the extent practicable, to ensure that a prisoner spends a portion of the final months of his sentence (up to twelve months) under conditions—such as a community correctional facility—that will afford the prisoner a reasonable opportunity to adjust to and prepare for his re-entry into the community. (*Id.* at 7.) Second, Defendant asserts that his deportable alien status prevents him from serving any part of his time in a minimum security prison. (*Id.*) And third, Defendant avers that Rivers Correctional Institution, which houses him

and a large number of other deportable aliens, because it is a private, for-profit prison, provides inmates with low quality food and insufficient clothing, has an unsafe recreation yard, fails to accommodate prisoners' religious needs, and overcharges prisoners for telephone and commissary services. (*See id.* at 2–6.)

Once a sentence has been imposed, 18 U.S.C. § 3582(c) generally prohibits a district court from modifying the sentence. A district court may only modify a final sentence (1) upon motion by the Director of the Federal Bureau of Prisons; (2) where the defendant's sentencing range has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); or (3) to the extent expressly permitted by statute or by Federal Rule of Criminal Procedure 35. *See* 18 U.S.C. § 3582(c). Federal Rule 35, in turn, only provides for a sentence modification (a) within 14 days after sentencing to "correct a sentence that resulted from arithmetical, technical, or other clear error," or (b) upon the Government's motion if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person. Fed. R. Crim. P. 35.

In support of his requested sentence reduction, Defendant cites a case in which the D.C. Circuit held that "a downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence." *United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994). Here, however, the Court has already sentenced Defendant, and none of the circumstances outlined above that would allow the Court to modify Defendant's sentence is present. Accordingly, the Court **DENIES** Defendant's Motion for Departure for Substantial Hardship (ECF No. 159).

**IT IS SO ORDERED.**

_____5-23-2018_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**